**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW JOSEPH BROWN,<br>Petitioner,<br>v.<br>UNITED STATES OF AMERICA,<br>Respondent. | Case No. 5:24-cv-02048-AB<br>Case No. 5:22-cr-00088-AB<br><br>**ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255 AND DISMISSING ACTION** |

Petitioner Matthew Joseph Brown ("Brown"), who is incarcerated within the Central District of California and proceeding pro se, filed a Motion for Relief from his sentence pursuant to 28 U.S.C. § 2255. The United States filed an opposition and Brown filed a reply. For the following reasons, Brown's motion is **DENIED.**

## I. BACKGROUND

On November 28, 2022, Brown pled guilty to use of facility of interstate commerce to attempt to induce a minor to engage in criminal sexual activity, in violation of 18 U.S.C. § 22422(b), and obstruction of justice, in violation of 18 U.S.C. § 1512(c)(1). On June 16, 2023, Brown was sentenced to 210 months' imprisonment and a lifetime of supervised release.

In his motion for relief under 28 U.S.C. § 2255, Brown contends that his prior counsel was ineffective because she neglected to fully advise him of his rights to

appeal his sentence, or file a Notice of Appeal on his behalf. Brown is requesting that he be placed in the position he would have been in but for the violation, which generally includes vacating and re-entering the judgment to allow timely appeal.

In support of its opposition, the United States filed the a declaration of Brown's former counsel Diane C. Bass ("Bass Decl."), the transcript from Brown's November 28, 2022 guilty plea ("Exhibit A"), and the transcript from the June 16, 2023 sentencing ("Exhibit B"). Upon review of this evidence and consideration of the parties' arguments, the Court concludes that Brown is not entitled to an evidentiary hearing because (1) he has not alleged specific facts which, if true, would entitle him to relief; and (2) the petition, files, and record of the case conclusively show that he is not entitled to relief. 28 U.S.C. § 2255; *U.S. v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004).

## II. LEGAL STANDARDS

### A. Section 2255.

A petitioner may to move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Section 2255(a) states:

> "[A] prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

28 U.S.C. § 2255(a). If any of these reasons exists, the court "shall vacate and set the judgment aside and shall discharge the prisoner or release him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Moreover, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion may be determined by the court without an

evidentiary hearing. *Id.*

**B. Requirements to Establish Ineffective Assistance of Counsel**

The Supreme Court has affirmed that individuals have a right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Counsel can deprive a defendant of the right to effective assistance by neglecting to provide "adequate legal assistance." *Id.* (citing *Cuyler v. Sullivan*, 446 U.S., at 344). To demonstrate ineffective assistance of counsel, the defendant must prove that counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Id.* at 687. To prove that the deficient performance of counsel prejudiced the defense, the defendant must establish that counsel's errors were so grave that they deprived the defendant of a fair trial, whose result is reliable. *Id.* Moreover, the deficient performance of counsel is characterized by counsel committing errors so serious that counsel was not operating as the counsel entitled to the defendant under the Sixth Amendment. *Id.* The Sixth Amendment requires the following:

> "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence." USCS Const. Amend. 6.

In evaluating whether counsel is ineffective, the performance inquiry is based on whether the counsel's representation was reasonable based on the circumstances. *Strickland,* at 688. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. Counsel is strongly presumed to have provided adequate assistance in rendering reasonable professional judgment. *Id.* at 690. The standard requires the petitioner to establish "gross incompetence" on

the counsel's part. *Kimmelman v. Morrison*, 477 U.S. 365, 381 82 (1986). Thus, the standard that the defendant must fulfill is "highly demanding" and "rigorous." *Id.*

The Supreme Court has held that counsel has a constitutionally imposed duty to consult with the defendant regarding an appeal when there is reason to think either "(1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). Courts are instructed to assess the entirety of the information counsel knew or should have known. *Id.* The Court explains, "Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Id.*

In situations where the defendant does not instruct counsel to file an appeal nor asks that an appeal be taken, the Court held that there should be an evaluation of whether counsel consulted with defendant regarding an appeal. *Id.* at 478. "Consult" means informing the defendant of the advantages and disadvantages of filing an appeal and engaging in a reasonable effort to learn of defendant's desire. *Id.* Notably, however, "[w]e cannot say, as a *constitutional* matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient. Such a holding would be inconsistent with both our decision in *Strickland* and common sense." *Id.* at 479. For example, if a sentencing court's instructions to a defendant regarding his appellate rights are very evident and informative, counsel may reasonably determine that he doesn't need to repeat said information. *Id.* at 479-80.

## III. DISCUSSION

### A. Brown's Counsel Meets the Standard for Effective Assistance of Counsel.

Counsel is strongly presumed to have provided adequate assistance in rendering reasonable professional judgment. The standard for ineffective legal counsel is extremely high, requiring that the defendant fulfill a "highly demanding" and "rigorous" standard. *Kimmelman*, 477 U.S. at 381-82. To demonstrate ineffective assistance of counsel, Brown must prove that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687.

Here, Brown argues that his counsel performed unreasonably because she failed to properly consult with him regarding his right to appeal. However, in her declaration, attorney Bass states that she advised Brown of his appellate rights, along with advice to plead "open" to retain his right to appeal the application of United States Guidelines Section § 4B1.5. (Decl. Bass at 10:20-24.) Moreover, on at least one subsequent occasion, when visiting him at West Valley Detention Center, Bass further discussed the appellate issue with Brown. (Decl. Bass at 11:12-15.) At the change of plea hearing, Bass even explicitly corrected the Court to ensure it was understood that Brown was not waiving his right to appeal. (Exhibit A at 9-10). Bass advised Brown that if they were unsuccessful in advocating for their position on the sentencing guidelines issue, he would have an appellate issue. (Decl. Bass 11:5-10). Bass advised Brown that if their position was accepted by the Court, he would have no standing to appeal. *Id.* After the sentencing hearing, Bass told Brown that since they prevailed on the sentencing guidelines issue, there was nothing to appeal. (Decl. Bass at 11:19-21.) Brown also never asked Bass to file a Notice of Appeal on his behalf. (Decl. Bass at 12:1-2).

The record, including the transcript of the change of plea hearing, corroborate Bass's versions of events. Given that the standard of ineffective assistance of counsel is "highly demanding" and "rigorous," Bass's actions constitute reasonable assistance

of counsel. Bass informed Brown of his appellate rights on various occasions. It is reasonable to expect that Brown should know that he has appellate rights in other areas of his case because Bass explained the concept of appellate rights to him on the sentencing guidelines issue. Bass even made sure to clarify with the Court that her client wished to plead "open," demonstrating her commitment to her client's appellate rights. Moreover, Brown never requested that Bass file a Notice of Appeal on his behalf, indicating that after the sentencing Brown did not express an interest in appealing. Furthermore, Bass's statement to Brown telling him there was no viable issue to appeal does not constitute ineffective assistance of counsel. Bass's statement falls within the parameters of reasonably effective assistance, given that she provided Brown her professional opinion regarding his case. As such, Bass's performance was not deficient, nor did it prejudice the defense's case.

### B. The Court Sufficiently Informed and Confirmed Brown's Knowledge of his Right to Appeal During Proceedings

Under the standard for effective assistance of counsel, even if counsel does not consult with defendant about an appeal, that does not mean that they provided the defendant deficient assistance. Brown contends that Bass failed to provide him a constitutionally mandated consultation regarding appealing an open guilty plea and that Bass did not inform him that she was required to file a Notice of Appeal if he solicited it, regardless of her opinion on its merit. Here, as discussed above, Bass adequately consulted with Brown about his appellate rights. But, even if Bass did not provide adequate consultation, the Court did. Under *Roe v. Flores-Ortega*, counsel's failure to consult with the defendant about an appeal is not necessarily unreasonable. For instance, if a Court provides clear and informative instructions to a defendant about his appeal rights, this can substitute for a counsel's obligation to consult. *Roe v. Flores-Ortega*, 528 U.S. 470, 479-80 (2000). "We therefore reject a bright-line rule that counsel must always consult with the defendant regarding an appeal." *Id.* at 480.

/ / /

This case is analogous to *Flores-Ortega*. This Court provided various clear and informative instructions to Brown regarding his appellate rights, ensuring his comprehensive understanding of his rights. The Court explicitly asked Brown if he understood and had reviewed his appellate rights. During the guilty plea, the Court stated, "Lastly, if you were to be convicted in this case and sentenced, you would have the right to appeal that conviction and sentence. Have you and Ms. Bass gone over all of those rights, sir?" (Exhibit A, 22:8-12). In response, Brown affirmed, "Yes, your Honor." (Exhibit A, 22:13). The Court then asked, "And do you believe you understand all of those rights?" (Exhibit A, 22:14-15). In response, Brown said he understood these rights and did not have any questions about them. (Exhibit A, 22:14-19). This interaction demonstrates that Brown unequivocally affirmed his understanding of his appellate rights, confirming that he did not have any questions. Brown's current position, which posits that he did not have a clear understanding of his rights, contradicts his statements during his change of plea hearing. Brown further confirmed his understanding of his right to appeal his sentence and conviction. The Court asserted, "You would have an absolute right to appeal your sentence and, I guess, you would have a right to appeal your conviction even though you are pleading guilty. Do you understand that?" (Exhibit A, 23:8-11.) Brown confirmed his understanding. (Exhibit A, 23:12.) Brown's statements during this proceeding indicate his unmistakable comprehension about his rights. Thus, in open court, Brown affirmed his knowledge of his rights multiple times.

Furthermore, Brown himself even expressed his satisfaction with Bass's performance as his counsel. The Court asked Brown if he felt satisfied with the work Bass has done for him on the case, if he told her everything he knows about his case, and if he thinks she's considered all potential defenses he may have to the case. (Exhibit A, 31:1-9.) Brown answered all of these questions affirmatively. *Id.* During this sentencing, Brown told the Court that he had reviewed the presentence report with Bass and did not need more time to read it over. (Exhibit B, 50:5-22.) This indicates

that his lawyer was proactive with him, ensuring that he understood the presentencing report. Moreover, this corroborates Brown's prior statement, where he affirmed his satisfaction with his counsel's performance. The Court explicitly ensured that Brown understood his rights, asking him multiple questions to gage his comprehension. Brown's statements to the Court, maintaining his understanding of his appellate rights and his contentment with his counsel's assistance, suggest that Brown was, in fact, knowledgeable of his rights. Thus, the consultation that Bass provided Brown after his sentencing was reasonable under the circumstances.

Brown has not demonstrated that his counsel's performance was deficient, and that the deficient performance prejudiced the defense. The counsel that Bass provided Brown satisfied the Sixth Amendment standard for effective assistance of counsel.

## IV. CONCLUSION

For these reasons, Brown's § 2255 motion is **DENIED** and this action is **DISMISSED**.

The Court further concludes that Brown has not "made a substantial showing of the denial of a constitutional right," so the Court **DECLINES** to issue a certificate of appealability. *See* 28 U.S.C. §§ 2253(c)(2), (c)(3).

**IT IS SO ORDERED.**

Dated: September 1, 2026

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE